David Abrams, Attorney at Law (DA-8126)
305 Broadway, Ninth Floor
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

RECEIVED
05 JUN 12 PM 9:04
U.S. DISTRICT COURT
S.D.N.Y.

United States District Court
Southern District of New York

_____
                                   )
Monzon,                            )
                                   )
            Plaintiff,             )
                                   )        05 CV  5538
    - against -                    )        Index No.:
                                   )
Blisset, LLC;                      )
Roseanne Magliato a/k/a Roseann    )
Magliato; & Nayda Magliato a/k/a   )        JUDGE McMAHON
Nadya Magliato,                    )
                                   )
                                   )
            Defendants.            )
_____)

## COMPLAINT

Plaintiff, complaining of the Defendants by his attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.  Introduction**

1.  This is an action for unpaid overtime under the Fair Labor Standards Act and New York Wage & Hour Regulations and for unlawful wage deductions under New York Law.

**II.  Parties**

2.  Plaintiff Monzon is a natural person residing in the State of New York, County of Queens.

3.      Upon information and belief, defendant Blisset LLC. (the "Employer") is a New Jersey Limited Liability Company with a principal place of business at 2 Babcock Place, West Orange, New Jersey, 07052. Upon information and belief, the Employer also maintains an office at 450 West 34th Street, New York, New York.

4.      Upon information and belief, defendant Roseanne Magliato a/k/a Roseann Magliato ("Roseanne Magliato") is a natural person, residing in the State of New Jersey, County of Bergen. Upon information and belief, Roseanne Magliato is the *de facto* chief executive officer and owner of the Employer.

5.      Upon information and belief, defendant Nayda Magliato a/k/a Nadya Magliato ("Nayda Magliato") is a natural person, residing in the State of New Jersey, County of Bergen. Upon information and belief, Nayda Magliato is a president and owner of the Employer.

**III.   Venue & Jurisdiction**

6.      Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(2) in that a substantial part of the events giving rise to the claim took place in the Southern District of New York.

7.      Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Fair Labor Standards Act, and the remaining claims arise from the same transactions.

8.      Personal jurisdiction exists over all defendants in that this matter arises from their activities in the State of New York, specifically the employment of Plaintiff Monzon in the State of New York and their failure to pay a proper overtime premium to Mr.

Monzon. Moreover, upon information and belief, the Employer maintains an office in the State of New York.

## IV. Background

9. Upon information and belief, the Employer is a messenger service.

10. Mr. Monzon was employed by the Employer as a messenger for approximately 2 years until his employment ended in approximately November of 2004.

11. While employed by the Employer, Mr. Monzon was not paid a proper overtime premium.

12. While employed by the Employer, Mr. Monzon's wages were subject to deductions that were not for his benefit or required by law.

## V. Causes of Action and Demand for Relief

### Count One: Violation of the Fair Labor Standards Act

13. The allegations contained in paragraphs 1 through 12 are incorporated as if restated herein.

14. Mr. Monzon was an employee of the Employer within the meaning of the Fair Labor Standards Act.

15. Upon information and belief, the Defendants were employers within the meaning of the Fair Labor Standards Act and subject to the same Act.

16. The Defendants violated the Fair Labor Standards Act in that they did not properly compensate Mr. Monzon for the overtime he worked.

### Count II: Violation of New York Wage & Hour Law

17. The allegations contained in paragraphs 1 through 16 are incorporated as if restated herein.

18. Mr. Monzon was an employee of the Employer within the meaning of New York Wage Regulations, specifically N.Y.C.R.R. Labor Section 138 et seq.

19. Upon information and belief, the Defendants were employers within the meaning of those same regulations.

20. The Defendants violated the above regulations in that they did not compensate Monzon for the overtime hours he worked.

### Count III:    Unlawful Deductions from Wages

21. The allegations contained in paragraphs 1 through 20 are incorporated as if restated herein.

22. The Employer violated Section 193 of the Labor Law in that it made unlawful deductions from Mr. Monzon's wages.

WHEREFORE Mr. Monzon demands judgment against the Defendants in the amount of his unpaid overtime and unlawful deductions, together with liquidated and other multiple damages, costs, fees, interest, and such other and further relief that the Court deems just.

Respectfully submitted,

/s/ David Abrams

David Abrams (DA-8126)
  Attorney for Plaintiff
Monzon

305 Broadway, Ninth Floor
New York, NY 10007
Tel. 212-897-5821
Fax  212-897-5811

Dated:     New York, NY
           June 12, 2005

4